<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HANSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSSEX COUNTY PROSECUTOR'S OFFICE, *et al.*,<br><br>    Defendants. | No. 24cv7770 (EP) (JSA)<br><br>**OPINION** |

*Pro se* Plaintiff Paul Hanson brings this action under 42 U.S.C. § 1983 and New Jersey state common law against the Sussex County Prosecutor's Office; Sussex County Prosecutor Vanessa Henderson; the Vernon Township Police Department; and two Vernon Township police officers, Matt Hackett and Harry Russo (the "Police Officer Defendants"), in connection with law enforcement activity at and following Plaintiff's son's funeral on June 26, 2020. D.E. 1 ("Complaint" or "Compl."). Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 6 ("Motion" or "Mot."). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). For the reasons below, the Court will **GRANT** the Motion and **DISMISS** the Complaint *with prejudice*.

I.    BACKGROUND[1]

Plaintiff is subject to an unspecified temporary restraining order ("TRO"). Compl. ¶ 30. On June 26, 2020, Plaintiff's spouse notified him that their son passed away and that Plaintiff was permitted to visit the funeral home for one hour. *Id.* ¶ 21. The Police Officer Defendants

---

[1] The facts in this section are taken from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving the Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

accompanied Plaintiff to the casket viewing and escorted him away from the funeral chapel. *Id.* ¶¶ 13, 26, 28. Plaintiff alleges that the Police Officer Defendants' presence violated his rights to privacy, association, and expression. *Id.* ¶¶ 27, 42.

Following the funeral, Plaintiff sent a floral arrangement intended for his son and was issued a criminal summons for violating the TRO. *Id.* ¶¶ 29, 31. The charges were ultimately dismissed. *Id.* ¶ 35. Plaintiff alleges the criminal summons was issued without probable cause. *Id.* ¶ 38. He now brings this action alleging (1) a violation of his Constitutional rights pursuant to Section 1983 and (2) intentional infliction of emotional distress ("IIED"). *Id.* ¶¶ 50-56. He also seeks injunctive relief to expunge all records of the criminal summons. *Id.* ¶¶ 57-58. Defendants move to dismiss, arguing that Plaintiff's claims are time-barred. Mot. Plaintiff opposes. D.E. 7 ("Opp'n"). Defendants do not reply.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

## III. ANALYSIS

### A. The Section 1983 Claim is Time-Barred

Defendants argue that Plaintiff's Section 1983 claim is time-barred by New Jersey's two-year statute of limitations on Section 1983 claims. Mot. at 3-4. Plaintiff argues that the Section 1983 claim is not time-barred because "the state statute applied by defendants does not apply to Fundamental Civil Rights nor the Constitution of the United States[.]" Opp'n at 2. The Court agrees with Defendants.

"[S]tate law provides the statute of limitations applicable to a section 1983 claim," which is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (internal citations omitted). As Defendants point out, New Jersey has a two-year statute of limitations period for personal-injury torts. Mot. at 3 (citing N.J. Stat. Ann. § 2A:14–2).

A Section 1983 claim "ordinarily accrues when the plaintiff knows or has reason to know of [their] injury." *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022). Plaintiff commenced this action on July 8, 2024. Compl. Thus, for Plaintiff's Section 1983 claim to be timely, it must have begun accruing on or after July 8, 2022, or two years prior to Plaintiff filing his Complaint. *See Williams v. Stack*, No. 22-2439, 2023 WL 5703175, at *4 (D.N.J. Sept. 5, 2023); Compl. Per the

Complaint, the alleged violation occurred on June 26, 2020. Compl. ¶ 21. Plaintiff makes no claim that he only became aware of the alleged violations after this date. Consequently, the Section 1983 claim is time-barred.

B. **The IIED Claim is Time-Barred**

Although the Court need not exercise supplemental jurisdiction over Plaintiff's IIED claim, 28 U.S.C. § 1367(c)(3), it finds that the claim is also time-barred as IIED claims are subject to a two-year statute of limitations in New Jersey. *See Webster v. Dolgencorp, LLC*, No. 13-690, 2013 WL 4501461, at *6 (D.N.J. Aug. 22, 2013) (citing N.J. Stat. Ann. § 2A:14–2). Thus, for the same reasoning that applies to the Section 1983 claim dismissal above, the Court will **GRANT** Defendants' Motion and **DISMISS** the Complaint *with prejudice*.

IV. **CONCLUSION**

For the reasons above, the Court will **GRANT** Defendants' Motion, D.E. 6, and **DISMISS** the Complaint *with prejudice*.[2] An appropriate Order accompanies this Opinion.

Dated: April 8, 2025

                                                                                 Evelyn Padin, U.S.D.J.

---

[2] As no basis for equitable tolling or other extraordinary circumstances are asserted to toll the statute of limitations, the Court finds any amendment futile. *See Hassani v. New Jersey*, No. 21-75, 2022 WL 1291311, at *4 (D.N.J. Apr. 30, 2022); *McCargo v. Camden Cnty. Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) ("We therefore agree with the District Court's assessment that amendment of the complaint would be futile because the statute of limitations clearly had expired when [Plaintiff] filed this complaint.").

4